IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CR-257-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| MICHAEL JARRELL CHAPMAN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter came before the court for sentencing on May 24, 2023. The court memorializes herein the court's reasons for overruling an objection raised by defendant to the Presentence Investigation Report ("PSR"), regarding application of the career offender guideline.[1]

## BACKGROUND

Defendant pleaded guilty with a written plea agreement to conspiracy to distribute and possession with intent to distribute quantities of heroin, fentanyl, and cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846 (count one); and distribution of quantities of heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (count two).

Prior to sentencing, the United States Probation Office (the "probation office") prepared a presentence report ("PSR"), which calculated a total offense level of 29 and a criminal history

---

[1] The court also overruled additional objections raised by defendant, concerning credible threats to use violence, maintaining premises, and obstruction of justice, with the reasons for overruling those objections provided on the record at sentencing hearing. Those objections also do not impact the advisory guidelines range, in light of the court's ruling on defendant's objection to the career offender enhancement, but the court heard evidence on them at hearing for preservation of the record and to further inform the court's sentencing decision.

category VI, based upon defendant's status as a career offender, producing a guideline range of 151-188 months. In particular, the probation office determined defendant is a career offender because defendant has two prior felony convictions of a controlled substance offense, namely "Selling Cocaine (04CR54252) and Possession With Intent to Sell and Deliver a Schedule II Controlled Substance (14CRS53483)." (PSR (DE 140) ¶ 76).

In his objection to the career offender enhancement, as amended,[2] defendant contends that one of the his predicate felony convictions, for selling cocaine, is not a categorical match to a "controlled substance offense" for purposes of U.S.S.G. § 4B1.2, in light of United States v. Campbell, 22 F.4th 438 (4th Cir. 2022), United States v. Locklear, No. 19-443, 2022 WL 2764421 (4th Cir. July 15, 2022).

At sentencing, the court heard additional argument from defendant and the government and then overruled defendant's objection to the career offender enhancement, noting that its reasoning for that ruling would be set forth in the instant memorandum opinion.

## COURT'S DISCUSSION

Defendant argues that selling cocaine is not a controlled substance offense, because the offense includes attempt and is thus not a categorical match to the definition of a controlled substance offense under the guidelines. While this court previously agreed with the premise of this argument in prior cases (See, e.g., United States v. Hooper, 7:21-CR-142-FL (March 8, 2023) and United States v. Scotland, 5:18-CR-49-FL Mem. Op., 2022 WL 15489214 *3 (Oct. 26, 2022)), an intervening recent decision by the United States Court of Appeals for the Fourth Circuit, in United States v. Groves, 65 F.4th 166 (4th Cir. 2023) provides reason to reconsider that prior

---

[2] Defendant originally objected to application of the career offender enhancement on the basis that his offense of conviction is not a "controlled substance offense" for purposes of the guidelines. He concedes, however, that United States v. Groves, 65 F.4th 166 (4th Cir. 2023), foreclosed his objection on that basis.

jurisprudence and to revisit anew application of the career offender guideline to the North Carolina offense of selling cocaine. For the reasons stated below, that offense qualifies as controlled substance offense for purposes of the career offender guideline.

As pertinent here, "defendant is a career offender if . . . defendant has at least two prior felony convictions of . . . a controlled substance offense." U.S.S.G. § 4B1.1(a). "The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b) (emphasis added).

"To determine whether a conviction under an asserted predicate offense statute constitutes a 'controlled substance offense' as defined by the Sentencing Guidelines, we employ the categorical approach." Groves, 65 F.4th at 171. "The categorical approach requires us to focus on the elements of the prior offense rather than the conduct underlying the conviction." Id. "If the least culpable conduct criminalized by the predicate offense statute does not qualify as a 'controlled substance offense,' the prior conviction cannot support a Guidelines enhancement." Id. In making this analysis, the court is "bound by the interpretation of [the predicate state] offense articulated by that state's courts." United States v. Middleton, 883 F.3d 485, 487 (4th Cir. 2018).

Here, defendant's prior offense of conviction of "selling cocaine" under North Carolina law is a categorical match with the "controlled substance offense" definition, which covers "distribution . . . of a controlled substance." U.S.S.G. § 4B1.2(b). The prior offense of conviction is not broader, as defendant argues, because it is not satisfied by a mere attempted sale of cocaine.

3

Rather, attempted sale of cocaine is a separate offense, with separate elements, under North Carolina law.

In particular, N.C. Gen. Stat. § 90-95 makes it unlawful for any person "[t]o manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance." The North Carolina Supreme Court has held "that the language of N.C.G.S. § 90-95(a)(1) creates three offenses: (1) manufacture of a controlled substance, (2) transfer of a controlled substance by sale or delivery, and (3) possession with intent to manufacture, sell or deliver a controlled substance." State v. Moore, 327 N.C. 378, 381 (1990). By contrast, N.C. Gen. Stat. § 90-98 separately makes it unlawful for "any person who attempts or conspires to commit any offense" defined in the North Carolina Controlled Substances Act.

In addition, the North Carolina Supreme Court has described attempted sale of cocaine as a different offense, with different elements, than sale of cocaine. In particular, that court has noted that "attempted sale of cocaine [is] a lesser-included offense of sale of cocaine." State v. Squires, 357 N.C. 529, 535 (2003). "The elements of attempt are an intent to commit the substantive offense and an overt act which goes beyond mere preparation but falls short of the completed offense." Id. (emphasis added). The court in Squires held that the evidence in that case was "sufficient to satisfy the elements of attempted sale of cocaine," as distinct from "a completed sale of cocaine." Id. at 536.

The North Carolina Court of Appeals similarly has suggested that a judgment of conviction for attempted sale of a controlled substance properly must so specify, in contrast to sale of a controlled substance. See, e.g., State v. Wright, 265 N.C. App. 354, 355 (2019) (noting defendant "was found guilty of attempted sale, attempted delivery, PWISD marijuana, and possession of marijuana drug paraphernalia"); State v. Shook, 155 N.C. App. 183, 188 (2002) (noting that the

4

evidence "supports a reasonable jury finding that defendant was attempting to possess, transport, deliver, and sell at least 28 grams of cocaine"); State v. Clark, 137 N.C. App. 90, 96–97, 527 S.E.2d 319, 323 (2000) (reversing "conviction of trafficking in marijuana by possession" and directing trial court upon remand to "enter judgment upon a conviction of attempt to traffic in marijuana by possession") (emphasis added).

Furthermore, North Carolina courts otherwise have differentiated offenses for sale or delivery of controlled substances from attempted sale or delivery. See, e.g., State v. Heien, 366 N.C. 271, 271 (2012) (affirming defendant's "convictions for attempting to traffic in cocaine by transportation and possession"); State v. Winchester, 260 N.C. App. 418, 419 (2018) (affirming judgments for "two counts of attempted heroin trafficking, one count of possession with intent to sell and deliver heroin"); State v. Freeman, 202 N.C. App. 740, 744 (2010) (holding that "there was substantial evidence showing that defendant was engaged in the attempted sale of cocaine at the time of the shooting").

In sum, the "elements of the prior offense" of sale of cocaine are a categorical match to a controlled substances offense under the guidelines, because they are not satisfied by a mere attempted sale of cocaine. Groves, 65 F.4th at 171.

Defendant argues that Campbell requires a different result. There, the court held that a West Virginia state conviction for delivery of narcotics was not a controlled-substance offense for career offender purposes because it included attempted delivery. 22 F.4th at 444. The court reasoned as follows:

> The West Virginia conviction that served as one of the predicate offenses justifying Campbell's enhanced sentence arises from a statute that makes it "unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance." W. Va. Code § 60A-4-401(a) (emphasis added). The statute further provides that "deliver . . . means the actual, constructive or attempted transfer from one person to another of" controlled substances or imitation or

5

counterfeit controlled substances. W. Va. Code § 60A-1-101(h) (emphasis added). In other words, the least culpable conduct criminalized by the West Virginia statute is an attempt to deliver a controlled substance. W. Va. Code §§ 60A-1-101(h); 60A-4-401(a).

22 F.4th at 441–42 (emphasis in original).

Campbell is distinguishable for multiple reasons. First, it addressed a West Virginia statute, and not the North Carolina statute, § 90-95, nor North Carolina cases interpreting it. Second, it addressed a predicate conviction for "delivery," not sale, of cocaine as pertinent to defendant here. Third, Campbell did not address the distinction between an "attempted transfer," on the one hand, which is part of the definition of "deliver" under N.C. Gen. Stat. § 90-87(7), and an "attempted sale" or "attempted delivery," on the other hand, which are different offenses under N.C. Gen. Stat. § 90-98. This is a distinction that forms the basis for the Fourth Circuit's holding in Groves.

Critically, Groves holds that an "attempted transfer" means "a completed delivery and thus a completed distribution offense." 65 F.4th at 172 (emphasis added). Thus, the presence of "attempted transfer" in the definition of "deliver" under N.C. Gen. Stat. § 90-87(7) does not preclude the offense of sale or delivery of a controlled substance from being a career offender predicate.

Groves also is significant in the manner in which it limits Campbell to the issues raised on appeal in that case, and it calls into question Campbell's reasoning in light of other circuit court decisions addressing statutes similar to North Carolina's controlled substances act. In particular, Groves notes: "[t]hree of our sister courts of appeals (the Third, the Sixth, and the Eleventh Circuits) have recently concluded . . . that an 'attempted transfer' is not an 'attempted delivery' under § 841(a)(1) and analogous state drug distribution statutes." Groves, 65 F.4th at 172 (emphasis added). "That view has been predicated on the fact that attempt offenses are criminalized separately from completed offenses under the relevant federal and state schemes." Id.

6

(emphasis added).  Like the relevant federal and state schemes identified in <u>Groves</u>, N.C. Gen. Stat. § 90-98 criminalizes attempt separately from completed offenses.

In addressing the contrary reasoning of <u>Campbell</u>, the court limited <u>Campbell</u> to its application of West Virginia law.  Moreover, <u>Groves</u> noted that "the government did not dispute in the <u>Campbell</u> proceedings that the West Virginia drug distribution statute criminalizes the attempt offense of attempted delivery." <u>Id.</u> at174 n. 5 (emphasis added).  In the instant case (and others before this court), by contrast, the government has not made such a concession, and it argues in favor of an analysis consistent with <u>Groves</u>.  Finally, <u>Groves</u> suggests the concession was not correct even as to West Virginia law.  Accordingly, <u>Campbell</u> is inapposite here.

Defendant also argues that <u>Locklear</u> requires a different result.  As an initial matter, the court in <u>Groves</u> did not address directly the reasoning in <u>Locklear</u> on the basis that it is not binding precedent, "being unpublished."  <u>Groves</u>, 65 F.4th at 173 n. 4.  The court here nonetheless considers the reasoning of <u>Locklear</u>, as it specifically addresses North Carolina law.

In <u>Locklear</u>, the court cites to <u>State v. Beam</u>, 201 N.C. App. 643 (2010), for the proposition that the North Carolina Court of Appeals "acknowledges that 'delivery' under § 90-87(7) is satisfied by attempted transfer, which requires proof of elements of attempt." <u>Locklear</u>, 2022 WL 2764421 *2.  The stated proposition, however, is beside the point, because it does not address the distinction drawn in <u>Groves</u> between an "attempted transfer" and an "attempted delivery" offense. <u>Groves</u> reasoned, for example, that an "attempted transfer" under analogous statutory schemes, means "a completed delivery and thus a completed distribution offense."  65 F.4th at 172.

In any event, <u>Beam</u> is unhelpful to the analysis in the instant case for two additional reasons.  First, it conflicts with the North Carolina authorities cited herein requiring a distinction between an "attempt" offense for purposes of a judgment of conviction and a completed offense

7

of sale or delivery of a controlled substance. Second, <u>Beam</u> uses the terms "delivery" and "transfer" imprecisely, detracting from its relevance as an "interpretation of [the predicate state] offense articulated by that state's courts." <u>Middleton</u>, 883 F.3d at 487. For instance, <u>Beam</u> states "[b]y the plain language of the statute, an <u>attempted delivery</u> of a controlled substance satisfied the statutory definition of <u>delivery</u>." <u>Beam</u>, 201 N.C. App. at 648 (emphasis added). This is not, however, what the statute states. Rather, the statute states that an "<u>attempted transfer</u>" satisfies the statutory definition of "delivery," N.C. Gen. Stat. § 90-87(7) (emphasis added), which is exactly what the federal drug distribution statute also states. <u>See</u> 21 U.S.C. § 802(8). Despite this definition, <u>Groves</u> has confirmed this does not preclude treating such a prior conviction as a categorical match for a controlled substance offense. Accordingly, the court finds the reasoning in <u>Locklear</u> unpersuasive and follows the reasoning in <u>Groves</u> instead.

In sum, defendant's prior conviction for sale of cocaine is a categorical match to a "controlled substance offense" under the guidelines, and defendant's objection on this basis is without merit.

## CONCLUSION

For the foregoing reasons, the court OVERRULED defendant's objection to the PSR's career offender enhancement.

DATED, this the 14th day of June, 2023.


LOUISE W. FLANAGAN
United States District Judge